UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS T. RIGGIN, | Case No. 5:15-cv-02773-PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTION TO DISMISS** |
| v. | |
| AIMS OPERATING CORP., INC., et al., | **(Re: Docket No. 23)** |
| Defendants. | |

Motor homes are as much about dreams as transportation and housing. After Plaintiff Douglas T. Riggin purchased his motor home, however, his dreams were left unfulfilled. Disappointed with what he says is a defective product, Riggin sued Defendants Roadtrek Motor Homes Inc. and AIMS Operating Corp., Inc. for breach of express and implied warranties under state and federal law.[1] Because Riggin's complaint does not state any cognizable claim against AIMS, AIMS' motion to dismiss with prejudice is GRANTED-IN-PART with leave to amend.

---

[1] *See* Docket No. 16.

**I.**

Riggin alleges that after he bought his Roadtrek motor home, "the vehicle and components exhibited numerous defects in material and workmanship that substantially impair the vehicle's use, value and safety."[2] He "delivered the vehicle to defendants' authorized repair facilities to have defects remedied," but Defendants did not cure the defects, replace the motor home with a non-defective product, or refund Riggin's money.[3] Riggin then sued Defendants, and as to AIMS, Riggin asserts claims for breach of AIMS' express warranty under the Magnuson-Moss Warranty Act[4] and the Song-Beverly Consumer Warranty Act,[5] breach of AIMS' implied warranty under Magnuson-Moss,[6] breach of AIMS' implied warranty of merchantability under Song-Beverly,[7] and breach of AIMS' express warranty generally.[8]

AIMS, which supplies inverters to Roadtrek, moves to dismiss Claims One through Five with prejudice.[9]

**II.**

The court has subject matter jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[10]

---

[2] *See id.* at ¶ 6.

[3] *See id.* at ¶¶ 6-8.

[4] *See* 15 U.S.C. § 2301.

[5] *See* Cal. Civ. Code § 1791.

[6] *See* 15 U.S.C. § 2301(7).

[7] *See* Cal. Civ. Code §§ 1791.1, 1792.

[8] *See* Docket No. 16 at ¶¶ 46-49.

[9] *See* Docket No. 23.

[10] *See* Docket Nos. 11, 20, 22.

2
Case No. 5:15-cv-02773-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) permits challenges to the legal sufficiency of the opposing party's pleadings.[11] The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[14] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[15] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[17]

### III.

Applying the standards as set forth above, Riggin's FAC fails as follows.

***First***, Riggin's allegation that "the vehicle and components exhibited numerous defects in material and workmanship"[18] fails to allege sufficient facts to state a claim of relief against AIMS. For example, the FAC does not allege facts that would allow the court to draw the reasonable inference that the inverter was defective, or that Riggin's motor home even included an AIMS

---

[11] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[13] *See id.*

[14] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[17] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[18] *See* Docket No. 16 at ¶ 6.

3
Case No. 5:15-cv-02773-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS

inverter rather than an inverter from another supplier.  It also fails to allege facts that would allow the court to infer that the defects in the inverter, if any, arose during AIMS' warranty period, or that Riggin gave AIMS the opportunity to repair or replace the inverter and that AIMS refused to honor its obligations under its warranty.  Riggin also alleges that he delivered his vehicle to "defendants' authorized repair facilities."[19]  However, the AIMS and Roadtrek warranties establish that Roadtrek and AIMS have separate facilities and procedures for requesting repairs under their respective warranties[20] and AIMS states that Riggin never contacted it regarding the inverter.[21]  Riggin's general allegation against "defendants" thus fails to proffer sufficient facts to state a facially plausible claim against AIMS specifically.

## IV.

AIMS' motion to dismiss is GRANTED-IN-PART.  Dismissal without leave to amend is only appropriate if it is clear that the complaint cannot be saved by amendment.[22]  Because it is not yet clear that amendment would be futile, leave to amend is GRANTED.[23]

**SO ORDERED.**

Dated:  November 3, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See id.*

[20] *See* Docket No. 16 at Ex. A, Ex. B.

[21] *See* Docket No. 23 at 9.

[22] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[23] *See* Docket No. 28 at 2-3 (stating that Riggin has additional facts to add to an amended complaint).